**LAW OFFICES OF JOHNNY L. GRIFFIN, III**
**JOHNNY L. GRIFFIN, III (#118694)**
**MANOLO H. OLASO (#195629)**
1010 F Street, Suite 200
Sacramento, California 95814
Phone: (916) 444-5557
Fax: (916) 444-5558

Attorneys for Defendant Jamie Richardson

# UNITED STATES DISTRICT COURT

# EASTERN DISCTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMIE RICHARDSON, et al.,<br><br>    Defendants. | Case No. 2:17-CR-0044-KJM<br><br>**Defendant Jamie Richardson's Motion to Suppress Federal Wiretap Evidence [18 U.S.C. Section 2515]**<br><br>Hearing Date: March 30, 2020<br>Time: 9:00 a.m.<br>Courtroom: 3<br><br>Before the Honorable Kimberly J. Mueller |

**Motion to Suppress Federal Wiretap Evidence and All Evidence Derived/Obtained Therefrom**

Under Title 18 U.S.C Section 2515, defendant Jamie Richardson (Richardson) moves the court for an order suppressing all evidence derived from federal wiretaps of Richardson obtained on December 5, 2016 (and renewed on January 9, 2017 and February 21, 2017). Specifically, Richardson moves the court to impose an evidentiary sanction to bar all federal wiretap evidence, and evidence derived therefrom, because it was derived directly from state wiretap evidence that the government impliedly concedes was illegally obtained. ECF Dkt. No. 132 (Government's Supplemental Filing in Response to Defendant's Motion to Suppress State Wiretap Evidence).

In sum, on September 13, 2019, Richardson filed his Notice and Motion to Suppress Fruits of the 32 Wiretaps Authorized by the San Joaquin County Superior Court. ECF Dkt. No. 84. In his

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

motion, Richardson moved the Court for an order suppressing all fruits of the 32 wiretaps authorized by the San Joaquin County Superior Court because the wiretaps violated the Fourth Amendment and the federal and state wiretap statues.  The government, on October 19, 2018, filed its opposition to Richard's motion. ECF Dkt. No. 90 (Government's Opposition to Defendant's Motion to Suppress).  On August 21, 2019, however, the government filed a supplemental response to Richardson's motion to suppress wherein the government states:

> "The government hereby withdraws its opposition to defendant Richardson's pending motion to suppress evidence obtained from state wiretaps. ECF Dkt. No. 90 (Government's Opposition to  Defendant's Motion to Suppress)."

 ECF Doc. No. 132, page 1, lines 19-21 (Government's Supplemental Filing in Response to Defendant's Motion to Suppress State Wiretap Evidence).  The government further stated:

> "Whether the Court suppresses the fruits of the state wiretaps at issue does not definitively affect the admissibility of any evidence in the current federal case against Richardson. The government did not plan to use any of the communications intercepted by San Joaquin County at trial against Richardson or his co-defendants. Rather, as mentioned in the government's opposition to Richardson's motion to suppress, the San Joaquin County wiretap evidence is part of the probable cause evidence that formed the basis for the federal wiretap affidavits."

ECF Doc. No. 132, p.1, lines 25-28; p.2, lines 1-2. (Government's Supplemental Filing in Response to Defendant's Motion to Suppress State Wiretap Evidence).  Hence, the government has conceded that the evidence derived from the 32 state wiretaps was illegally obtained.

Section 2515 imposes an evidentiary sanction to compel compliance with other provisions of the federal wiretap law. *United States v. Giordano*, 416 U.S. 505, 529 (1974); *citing Senate Report 1097*, 90th Cong., 2nd Sess. (1968), n.11, at 96, 106.  It provides that no wiretap evidence may be used in any trial or any proceeding, in federal or state court, if its disclosure would be "in violation of this chapter." *18 U.S.C. Section 2515*.

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

Case Number 2:17-cr-0044-KJM
United States v. Richardson
Defendant Jamie Richardson's Motion to Suppress Federal Wiretap Evidence [18 U.S.C. Section 2515]

The government concedes that it used evidence obtained against Richardson from at least one of the state wiretaps to draft a federal wiretap affidavit and apply to a federal court for its own federal wiretap. *See Gov't. Oppos.*, ECF Doc. No. 90, p.4, lines 16-20. Specifically, the government used two text messages intercepted under the illegal state wiretap to apply for and obtain a federal wiretap. Relying on the results of the federal wiretap, the government obtained search and arrest warrants that purportedly uncovered additional evidence upon which the government relies in its prosecution against Richardson. *See Gov't. Oppos.*, ECF Doc. No. 90, p.5, lines 5-12. In other words, all evidence uncovered by the federal wiretap, and all evidence resulting from the search and arrest warrants, are derived from illegal state wiretaps and are tainted thereby. Because the government cannot demonstrate that this evidence came from an independent source, the evidence must be suppressed.[1]

Based on the foregoing, Richardson requests suppression of all evidence and communications obtained from the federal wiretaps authorized on December 5, 2016 (and renewed on January 9, 2017 and February 21, 2017), and of all evidence obtained through search and arrest warrants whose probable cause was derived from the federal wiretap evidence.

Dated: February 21, 2020                     Respectfully submitted,

                                             /s/ Johnny L. Griffin, III
                                             Johnny L. Griffin, III
                                             Attorney for Jamie Richardson

---

[1] Once the defendant produces specific evidence demonstrating taint, the burden shifts to the government to show it acquired the evidence from an independent source. *See U.S. V. Buck*, 548 F.2d 871, 874 (9th Cir. 1977); *see also United States v. Apple*, 915 F.2d 899, 906 (4th Cir. 1990).

Law Offices of Johnny L. Griffin III
1010 F Street, Suite 200; Sacramento, CA 95814
(916) 444-5557
www.johnnygriffinlaw.com

Case Number 2:17-cr-0044-KJM
United States v. Richardson
Defendant Jamie Richardson's Motion to Suppress Federal Wiretap Evidence [18 U.S.C. Section 2515]