1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   United States of America,                    No. 2:17-cr-00044-KJM-1

12                   Plaintiff,                    ORDER

13        v.

14   Jamie Richardson,

15                   Defendant.

16

17        Defendant Jamie Richardson moves the court to reconsider his pretrial detention "in light

18   of changed circumstances."  Mot. at 1, ECF No. 282.  The government opposes.  Opp'n, ECF

19   No. 291.  For the reasons provided below, the court **denies the motion**.

20        Richardson is charged in the third superseding indictment with several drug and firearm-

21   related offenses.  *See* Third Superseding Indictment, ECF No. 213.  Richardson was detained

22   following his initial appearance in this court on February 28, 2017, based on "flight risk and

23   danger."  Mins. Initial Appearance, ECF No. 2.  On March 23, 2017, the magistrate judge denied

24   Richardson's motion for bail review; the initial detention order remained in effect.  Mins. Bail

25   Rev., ECF No. 20.

26        More than five years later, on October 17, 2022, the parties presented a signed plea

27   agreement based on Federal Rule of Criminal Procedure 11(c)(1)(C), and the court conditionally

28   accepted Richardson's guilty plea as to counts four and eleven of the third superseding

                                            1

1    indictment.  Mins. Change of Plea Hr'g, ECF No. 274.  A few days later, Richardson moved for

2    bail review.  *See* Mot.

3         The court held a motion hearing on October 31, 2022.  Mins. Mot. Hr'g, ECF No. 294.

4    Johnny Griffin appeared for Richardson.  *Id.*  Alexis Klein and Robert Abendroth appeared for

5    the government.  *Id.*  During the hearing, the court requested that the Pretrial Services Officer

6    investigate the possibility of a halfway house placement in Fresno, California.  Mins. Mot. Hr'g,

7    ECF No. 294.  Richardson's maternal uncle confirmed he is willing to assist Richardson with bail

8    by posting the equity in a piece of real property, which is estimated to be worth $279,100.

9    Richardson represented he had identified job opportunities in Fresno and the Bay Area.  In a

10   supplemental pretrial services report following hearing, the pretrial services officer reported the

11   unavailability of halfway house placement in Fresno and recommended Richardson remain

12   detained.  Specifically, the report cited his prior convictions and a history of significant non-

13   compliance with court orders.  The officer concluded there are no conditions available to mitigate

14   Richardson's risk of nonappearance and danger to others.

15        Under 18 U.S.C. § 3143(a)(1), the court must order any defendant "who has been found

16   guilty of an offense and who is awaiting imposition or execution of a sentence" detained, unless

17   the court finds "by clear and convincing evidence[,]" the person is not likely to "flee or pose a

18   danger" to others.  Richardson, who has now pled guilty, has the burden of "establishing by clear

19   and convincing evidence [he] will not flee or pose a danger to any other person or to the

20   community."  Fed. R. Crim. P. 32.1(a)(6).

21        Richardson has not met his burden.  He provides two arguments for why he is not likely to

22   flee or pose a danger to others.  *See* Mot.  First, Richardson argues he does not have many days

23   remaining in custody if the court finally accepts his plea at the time of sentencing.  *Id.* at 2.

24   Defense counsel notes his belief that Richardson "would be eligible for out of custody housing for

25   the remainder of his prison commitment" at that time.  *See id.* at 2 n.2.  This argument implies

26   Richardson has no incentive to flee so close to his likely release.  Second, Richardson contends

27   his uncle's willingness to secure a bond on his behalf is a meaningful guarantee, given the risk the

28   uncle is willing to assume after careful consideration.  *Id.* at 3.

2

1    While the court accepts the proposition that Richardson may be eligible for non-custodial

2 housing at the time of sentencing,  *see* Mot. at 2 n.2, the current unavailability of halfway house

3 placement for Richardson weighs against his release now.  The court also agrees Richardson's

4 uncle's offer is significant, but pretrial services has raised other concerns that are uncontroverted.

5 Richardson's criminal history includes prior federal drug-related convictions and violent offenses

6 including assault with firearm on a person, battery on a public servant, and a domestic violence

7 charge.  Richardson repeatedly has not complied with court orders:  he has at least twice left the

8 judicial district without permission from his supervising officer and not reported to the officer as

9 instructed.  Richardson also has a history of violating conditions of federal supervised release,

10 with one such incident resulting in his release status being revoked.  This history indicates

11 Richardson poses a risk of flight and danger to others.  *Cf. United States v. Boone*, No. 16-20,

12 2020 WL 1865202, at *3 (E.D. Cal. Apr. 14, 2020) (even defendant's health risks due to the

13 COVID-19 pandemic "do not offset the reality that Defendant has repeatedly failed to obey [the]

14 Court's orders and fails to establish by clear and convincing evidence that she is not a flight

15 risk").  Richardson has not met his burden of showing he will not flee or pose a danger to others

16 by clear and convincing evidence.

17    The **motion for release pending sentencing is denied**.

18    This order resolves ECF No. 282.

19    IT IS SO ORDERED.

20 DATED:  November 21, 2022.

21

CHIEF UNITED STATES DISTRICT JUDGE