UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2: 17-cr-00044-KJM |
| Plaintiff, | |
| v. | FINAL JURY INSTRUCTIONS |
| JAYMAR ROSS, | |
| Defendant. | |

DATED: February 9, 2023

_____

CHIEF UNITED STATES DISTRICT JUDGE

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion, including unconscious biases, to influence you.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, or position in life or in the community.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

INSTRUCTION NO. 2

The indictment is not evidence.  The defendant has pleaded not guilty to the charge.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charge beyond a reasonable doubt.

INSTRUCTION NO. 3

You are here only to determine whether the defendant is guilty or not guilty of the charge in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

1

INSTRUCTION NO. 4

2      Because of the presumption of innocence, a defendant does not have to prove innocence.

3  The burden of proof is always on the government and never shifts to the defendant.

4      The burden on the government is to prove every element of the charges beyond a

5  reasonable doubt.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced that

6  the defendant is guilty.  It is not required that the government prove guilt beyond all possible

7  doubt.

8      A reasonable doubt is a doubt based upon reason and common sense and is not based

9  purely on speculation.  It may arise from a careful and impartial consideration of all the evidence,

10 or from lack of evidence.

11     If after a careful and impartial consideration of all the evidence, you are not convinced

12 beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant not

13 guilty.  However, if after a careful and impartial consideration of all the evidence, you are

14 convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that

15 defendant guilty.

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 5

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

INSTRUCTION NO. 6

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received into evidence; and

(3) any facts to which the parties have agreed.

INSTRUCTION NO. 7

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

INSTRUCTION NO. 8

In reaching your verdict you may consider only the testimony and exhibits received into evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.    Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.    Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 9

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you could find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 10

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the witness's opportunity and ability to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case, if any;

5.    the witness's bias or prejudice, if any;

6.    whether other evidence contradicted the witness's testimony;

7.    the reasonableness of the witness's testimony in light of all the evidence; and

8.    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1

INSTRUCTION NO. 11

2      You have heard testimony that the defendant made certain statements.  It is for you to

3 decide (1) whether the defendant made the statements, and (2) if so, how much weight to give

4 each of them.  In making those decisions, you should consider all the evidence about the

5 statements, including the circumstances under which the defendant may have made each one.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 12

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinions, and all the other evidence in the case.

INSTRUCTION NO. 13

An act is done knowingly if the person is aware of the act and does not act through ignorance, mistake, or accident.  Here, the government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

INSTRUCTION NO. 14

The defendant is charged in the indictment with possession of methamphetamine with intent to distribute on or about February 27, 2017, in violation of Section 841(a)(1) of Title 21 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed any controlled substance; and

Second, the defendant possessed it with the intent to distribute it to another person.

The government is not required to prove the amount or quantity of a mixture or substance containing a detectible amount of methamphetamine.  It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of a mixture or substance containing a detectible amount of methamphetamine.

It does not matter whether the defendant knew that the substance was methamphetamine. It is sufficient that the defendant knew that it was some kind of a federally controlled substance.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in the transaction.

INSTRUCTION NO. 15

The crime of possession of methamphetamine with intent to distribute includes the lesser crime of simple possession.  If (1) any of you are not convinced beyond a reasonable doubt that the defendant is guilty of possession of methamphetamine with intent to distribute; and (2) all of you are convinced beyond a reasonable doubt that the defendant is guilty of the lesser crime of simple possession, you may find the defendant guilty of simple possession.

For the defendant to be found guilty of the lesser crime of simple possession, the government must prove the following element beyond a reasonable doubt: Defendant knowingly or intentionally possessed a controlled substance.

INSTRUCTION NO. 16

A person has possession of something if the person knows of its presence and has physical control of it or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

INSTRUCTION NO. 17

If you find the defendant guilty of the charge in the indictment, you are then to determine whether the government proved beyond a reasonable doubt that the amount of the mixture or substance containing a detectible amount of methamphetamine that defendant intended to distribute equaled or exceeded 50 grams.  Your determination of weight must not include the weight of any packaging material.  Your decision as to weight must be unanimous.

The government does not have to prove that the defendant knew the quantity of the mixture or substance containing a detectible amount of methamphetamine.

INSTRUCTION NO. 18

The indictment charges that the offense alleged was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date or dates charged.

INSTRUCTION NO. 19

The indictment alleges that some act in furtherance of the crime charged occurred in the Eastern District of California.  There is no requirement that all aspects of the crime charged take place here in the Eastern District of California.  The parties agree that some act took place in the Eastern District of California, as required, and so you do not need to decide this question.

INSTRUCTION NO. 20

The parties agree the physical exhibits admitted in this case will not be sent into the jury room during your deliberations.  If you determine you want to review a physical exhibit, please let me know by sending a note.  I will then arrange for the jury to review the exhibit in the courtroom.

INSTRUCTION NO. 21

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, economic circumstances, or position in life or in the community. It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

INSTRUCTION NO. 22

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.  Your verdict must be based solely on the evidence and on

/////

/////

/////

23

the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

INSTRUCTION NO. 23

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 24

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

INSTRUCTION NO. 25

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

INSTRUCTION NO. 26

If it becomes necessary during your deliberations to communicate with me, you may send a note through the security officer, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.